IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| SHERMAN PAUL HAWKINS, <br><br> Plaintiff, <br><br> vs. <br><br> BRAD NEWMAN, JAMIE MICHEL, ARTRO GONZALEZ, <br><br> Defendants. | CV 21-141-M-DWM <br><br> ORDER |

On January 5, 2022, Plaintiff Sherman Paul Hawkins was ordered by the Court to show cause why this matter should not be dismissed for failure to file his account statement. (Doc. 4.) In response, Hawkins paid his filing fee and moved for judgment on the pleadings. (Doc. 6.) Hawkin's initial motion for leave to proceed in forma pauperis is moot and will be denied. Hawkins's Complaint is *Heck*-barred, as explained below, and will therefore be dismissed.

I.     FACTUAL BACKGROUND

Sherman Paul Hawkins is an inmate at Montana State Prison ("MSP") after having his parole revoked. He names as defendants Brad Newman, Jamie Michel, and Artro Gonzalez, all of whom are related to Montana's probation and parole system. (Doc. 1 at 2 – 3.) He claims violations of his due process rights and his

1

right to be free from false imprisonment. (Doc. 1 at 3.) The events underlying these claims are not entirely clear from the Complaint, but it appears that Hawkins was on parole, when Defendant Michel ordered him to take a driver's license test and a "cognitive test." (Doc. 1 at 4.) Hawkins refused to do so, and Michel told him, over the phone, that he was under arrest. At the time, he was on the Crow Reservation and Michel was in Bozeman, Montana. He contends that she later added a charge of absconding to his parole revocation, even though he had previously gotten approval to go the Crow Reservation. *Id.*

The allegations against Defendant Newman relate to Hawkins' attempt to appeal his parole revocation. Newman either affirmed or directed a two-year revocation sentence. (Doc. 1 at 6.)

Hawkins seeks both injunctive and monetary relief. (Doc. 1 at 5.) He has attached to his Complaint a copy of a petition for a writ of habeas corpus that he has apparently filed with the Montana Supreme Court.[1] This document contains the only allegations against Defendant Gonzalez, who apparently worked in the Bozeman probation office and told Hawkins on July 7, 2021, that he should be sent back to prison. (Doc. 1-1 at 4 – 5.)

---

[1] On January 25, 2022, the Court could not confirm on the State of Montana Supreme Court's webpage whether this habeas petition has actually been filed.

Hawkins' response to this Court's show cause order includes a request that judgment be entered on his behalf because Defendants have not yet responded. (Doc. 6 at 2.) Hawkins appears not to register that the Complaint has not yet been formally served on Defendants, pending this Court's screening, and their Answer is not yet due. Plaintiff's motion (Doc. 6) will be denied.

## II.     SCREENING STANDARD

Hawkins is a prisoner proceeding pro se, so the Court must review his Complaint under 28 U.S.C. § 1915A. Section 1915A(b) requires the Court to dismiss a complaint filed by a prisoner against a governmental defendant before it is served if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id. citing* Fed.R.Civ.P. 8(a)(2).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### III. ANALYSIS

Hawkins' clearest allegation is that his parole officer told him to take his driver's license test, he refused to do so, and therefore he was arrested and sent back to MSP. The Court suspects there is more to the story. However, Hawkins' suit, as it stands, must be dismissed.

Hawkins' proper venue of relief for his concerns is, as he appears to recognize, a state habeas petition. "[W]hen a state prisoner is challenging the very fact or duration of [the prisoner's] physical imprisonment, and the relief [the

prisoner] seeks is a determination that [the prisoner] is entitled to immediate release or a speedier release from that imprisonment, [the prisoner's] sole remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Neal v. Shimoda*, 131 F.3d 818, 824 (9th Cir. 1997). His Complaint does not seek immediate release, but one of his allegations is that he should have only been subject to a year-long (rather than two) revocation. (Doc. 1 at 7.) If the Court agreed with his legal argument, it would necessarily interfere with his current incarceration. Further, his argument depends on state law, and what is a proper revocation pursuant to state law. Thus, the proper vehicle is a state habeas petition.

Moreover, where, as here, a § 1983 action seeking damages alleges constitutional violations that would necessarily imply the invalidity of the conviction or sentence, the prisoner must establish that the underlying sentence or conviction has been invalidated on appeal, by a habeas petition, or through some similar proceeding. *See Heck v. Humphrey*, 512 U.S. 477, 483–87 (1994). The Court has no authority to invalidate a state court judgment or sentence, due to various considerations of the balance between state and federal courts. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Heck v. Humphrey*, 512 U.S. 477 (1994). A claim for damages related to a conviction or sentence that has not been invalidated is not cognizable under § 1983. *Id.* at 487; *Edwards v. Balisok*,

520 U.S. 641, 646–48 (1997). The court should dismiss the claim without prejudice, rather than converting it to a habeas petition and addressing it on the merits. *See Balisok*, 520 U.S. at 649; *Heck*, 512 U.S. at 487.

Finally, Defendant Newman is entitled to absolute immunity for his decisions as chairman of the parole board. The Ninth Circuit has held that "parole board officials are entitled to absolute immunity from suits by prisoners for actions taken when processing parole applications." *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir. 1981); *see also Brown v. Cal. Dep't of Corr.*, 554 F.3d 747, 751 (9th Cir. 2009) ("[P]arole board members are entitled to absolute immunity for parole board decisions."); *Swift v. California*, 384 F.3d 1184, 1189 (9th Cir. 2004). Hawkins alleges nothing regarding Newman that is not related to his adjudicatory role in reviewing or confirming revocation of Hawkins' parole, assuring his immunity. *Swift*, 384 F.3d at 1191.

## IV. CONCLUSION

Based on the foregoing, the Court concludes that Hawkins' Complaint must be dismissed. Mindful of the Court's obligation to allow amendment when it is feasible, the Court concludes Hawkins could not successfully amend his Complaint to state a claim.

It is therefore HEREBY ORDERED:

1. Plaintiff's motions to proceed in forma pauperis and for judgment are DENIED. (Docs. 3 and 6.)

2. Plaintiff's Complaint is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

DATED this 9th day of February, 2022.

                                                      11:27 A.M.
                              Donald W. Molloy
                              United States District Court Judge